UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA LYNETTE JOHNSON,

        Plaintiff,                      Civil Action No. 15-13004
                                                  Honorable Laurie J. Michelson
                                                  Magistrate Judge David R. Grand

v.

RITE AID CORPORATION,

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S
MOTION TO DISMISS THE AMENDED COMPLAINT [36]**

**I.    RECOMMENDATION**

*Pro se* plaintiff Debra Lynette Johnson ("Johnson") commenced this personal injury action against defendant Rite Aid Corporation ("Rite Aid") after she allegedly received the wrong medication from her local pharmacy. [1, 9]. Before the Court is Rite Aid's motion to dismiss the complaint, to which Johnson filed a response [36, 38]. Rite Aid did not file a reply. The motion has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [15]. For the following reasons, the Court RECOMMENDS that Rite Aid's motion [36] be GRANTED, and that this action be DISMISSED WITHOUT PREJUDICE.

**II.    REPORT**

    **A.    Background**

The underlying dispute is difficult to discern because of the sparse factual allegations contained in the amended complaint. [20]. Taken together, it appears that Johnson is alleging that employees of Johnson's local Rite Aid pharmacy (which she denominates as "Licensed Pharmacy Store (#04504)") mislabeled her prescription and provided her with the incorrect

medication. [*Id.* at ¶¶ 18, 21, 42, 45]. She then commenced the instant action on August 24, 2015 [1], and later amended her complaint to state the following causes of action: (I) "fraud and misrepresentations"; (II) "breach of duties"; (III) "prohibited conducts"; (IV) "violation of laws"; (V) "health care claim preserved"; and (VI) "inflicted mental anguish and irreparable harm." [20]. On the Civil Cover sheet in this matter, Johnson listed a Post Office box located in Burton, Michigan as her mailing address of record and designated Genesee County as her county of residence. [9 at Pg ID 56]. Johnson indicated that she is a citizen of Michigan and named "Rite Aid Corporation HEADQUARTERS," located at 30 Hunter Lane Camp Hill, PA 17011, as the defendant. [*Id.*]. She also checked "diversity" as the basis of jurisdiction. [*Id.*].

Rite Aid filed an answer to the amended complaint challenging this Court's subject-matter jurisdiction on the ground that the parties are not completely diverse under 28 U.S.C. § 1332. Rite Aid primarily averred that Johnson improperly commenced this action against Rite Aid Corporation instead of the owner and operator of the local Rite Aid pharmacy, Apex Drug Stores, Inc. ("Apex"), a Michigan corporation. [26, ¶¶ 4-7]. Rite Aid's counsel also informed the Court that he would be representing Apex for the purposes of this litigation as well. [*Id.* at Pg ID 145]. In its motion to dismiss the amended complaint, Apex reiterates that the Court lacks diversity jurisdiction over Johnson's claims because Apex and Johnson both hail from Michigan. [36 at 4-7].

    **B.**    **Legal Standard**

Fed. R. Civ. P. 12(b)(1) authorizes a party to challenge the Court's subject-matter jurisdiction. "Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack questions the sufficiency of the

pleadings, taking all allegations in the complaint as true. *Id.* Conversely, in a factual attack, there is no presumptive truthfulness. *Id.* The Court may consider matters outside of the pleadings and weigh conflicting evidence to determine whether subject-matter jurisdiction exists. *Id.* Under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction in order to survive the motion. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

### C. Analysis

Federal courts are tribunals of limited jurisdiction. For a case to be brought in federal court, there must exist "subject-matter jurisdiction," which is generally established either by way of a federal question (*e.g.*, a claim for relief brought under a particular federal statute) or diversity of citizenship among the parties (with greater than $75,000 in controversy). *See* 28 U.S.C. §§ 1331, 1332. Here, Johnson can establish neither "federal question" nor "diversity" jurisdiction.

#### 1. Federal Question Jurisdiction

As Johnson is proceeding *pro se*, the Court will afford her amended complaint more leniency than a complaint drafted by an attorney, and it will therefore liberally construe the allegations in her complaint in determining whether it has federal question jurisdiction over her claims under 28 U.S.C. § 1331. *See West v. Adecco Empl. Agency*, 124 F. App'x 991, 992 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (complaints of *pro se* litigants construed with leniency). Such jurisdiction is proper "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007). Here, even construing Johnson's allegations liberally, she fails to establish the existence of a federal question.

First, Johnson alleges causes of action for, among other things, fraud and "breach of duties," *i.e.*, negligence, none of which involve a question of federal law. *See Adams v. Wilmington Finance/AIG*, No. 12-10308, 2012 U.S. Dist. LEXIS 106155, at *12 (E.D. Mich. May 3, 2012) (fraud is a state law claim that does not support federal question jurisdiction); *see also Kelly v. Nat'l City Bank*, No. 14-12337, 2014 U.S. Dist. LEXIS 101844, at *5 (E.D. Mich. Jul. 1, 2014) (stating that "negligence claims . . . do not raise a federal question."). Second, Johnson's passing reference to the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301, *et seq.*, is insufficient to state a claim for relief because "no private cause of action exists for a violation of the FDCA." *Kemp v. Medtronic*, 231 F.3d 216, 236 (6th Cir. 2000); *see also Bailey v. Johnson*, 48 F.3d 965, 967 (6th Cir. 1995) ("Congress did not intend, either expressly or by implication, to create a private cause of action under the FDCA."). Therefore, without asserting a sufficient factual basis to raise a question of federal law, the Court does not have jurisdiction to entertain Johnson's claims under 28 U.S.C. § 1331.

    2.  *Diversity Jurisdiction*

Johnson's assertion that the Court has diversity jurisdiction over her claims pursuant to 28 U.S.C. § 1332 is also lacking in merit. Under the relevant portion of that statute, the Court has jurisdiction where the matter in controversy exceeds $75,000 and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). To invoke jurisdiction under this statute, there must be "complete diversity," meaning that no defendant may be a citizen of the same state of which plaintiff is a citizen. *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 437 (1996)). An individual is a citizen of the state in which he maintains his "domicile," and to "acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there

4

indefinitely or the absence of an intention to make his home elsewhere." *Deasy v. Louisville & Jefferson Cty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002).

Based on the record evidence, it is clear that diversity of "citizenship" is lacking in this case. As discussed above, Johnson represented on the Civil Cover Sheet that she is a citizen of Michigan with a residence in Genesee County. [9 at Pg ID 56]. For its part, Rite Aid proffered the sworn affidavit of its Vice President of Tax, Susan Lowell ("Lowell"), who stated that:

> 3. Apex Drug Stores, Inc. is a wholly owned subsidiary of Rite Aid Corporation, which subsidiary was incorporated in Michigan on May 27, 1982, pursuant to Michigan identification number 293646 . . .
>
> 4. I have reviewed the Amended Complaint of Plaintiff filed in this action and note her allegations surrounding "Defendant's Licensed Pharmacy Store (#04504)," as set forth in Exhibit 2, paragraphs 18, 24, 25, 30, 35, 36, and 45, and confirm the subject store is owned and operated by Apex Drug Stores, Inc., a Michigan company as established in the preceding paragraph of this Affidavit.

[36, Ex. 3 at Pg ID 239]. Since Johnson fails to rebut Lowell's affidavit, the above sworn statement establishes that Apex is a citizen of Michigan as evidenced by its incorporation under the laws of that state. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated . . .").

The only potential problem for Rite Aid, which it does not directly address in its brief, is that Johnson has not named Apex as a party defendant to this action. Nor has Rite Aid made an appropriate motion to join Apex as a required party. Therefore, the Court will *sua sponte* address whether Apex is a required party to this action and whether its joinder is feasible under Fed. R. Civ. P. 19. *See Mokdad v. Lynch*, 804 F.3d 807, 812 (6th Cir. 2015) ("Failure to join a required party is an issue that . . . the court may raise *sua sponte*."); *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911-12 (9th Cir. 1991) (holding that the absence of a required

5

party may be raised *sua sponte* at any stage of the litigation).

Rule 19 governs the required joinder of parties, and states that parties must be included in an action if "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: . . . (i) impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(A)-(B).

The Sixth Circuit Court of Appeals uses a three-part test to evaluate whether an absent party must be joined to a suit. *Sch. Dist. of City of Pontiac v. Sec'y of the U.S. Dept. of Educ.*, 584 F.3d 253, 301 (6th Cir. 2009). A court must first determine whether the party to be joined is a required party. *Id.* If the party is required, then the question turns to whether joinder is feasible, or if lack of jurisdiction (subject matter or personal) makes joinder impossible. *Id.* Finally, if joinder is not possible, equities must be weighed to determine if the suit can continue in the party's absence. *Id.* This last determination is made using the factors enumerated in Rule 19(b), which include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action is dismissed for non-joinder.

"The factors are not arranged in a hierarchical order, and no factor is determinative or necessarily more important than another." 4 Moore's Federal Practice 19.05[1][a].

Applying this standard, the Court finds that Apex is a required party to this action

6

pursuant to Rule 19(a)(1)(B).  The absence of Apex from this action would "impede" it from defending the alleged actions of its own employees – which are central to Johnson's claims – on the basis of individual store protocols, practices and procedures, customer relation guidelines, and quality controls.  Moreover, as Apex's parent company, Rite Aid could potentially be exposed to double liability if Johnson were to prevail in this case and then commence a successful action against Apex in Michigan state court.

Having determined that Apex is a required party, the next question is whether joinder would be feasible.  Under the present circumstances, Apex cannot be feasibly joined to this action because, as a Michigan corporate citizen, *supra* at 5, its presence would defeat the Court's diversity jurisdiction.

Employing Rule 19(b)'s balancing-of-factors test, the remaining question is whether "the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). With respect to the first factor, the Court has already noted the substantial risk of Rite Aid's exposure to double liability. *See Onyx Waste Servs. v. Mogan*, 203 F. Supp. 2d 777, 788 (E.D. Mich. 2002) ("this factor addresses the same concerns as Rule 19(a)(2).").  In addition, Apex may be collaterally estopped from asserting certain defenses in a subsequent state court proceeding based upon this Court's ruling on a disputed legal or factual issue.  As for the second factor, the Court is hard-pressed to imagine a way of crafting a judgment that would lessen or avoid such prejudice as it would necessarily entail either barring Johnson from commencing a later state court action against Apex or somehow precluding the state court from invoking collateral estoppel against Apex's prospective defenses.  And, while the Court does not perceive any reason why a judgment entered solely against Rite Aid would not be adequate, *i.e.*, the third factor, "it is apparent," under the fourth factor, that Johnson would be able to resort to the state

courts for "an adequate remedy." *Onyx Waste Servs.*, 203 F. Supp. 2d at 789; *see also Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 560 (5th Cir. 1985) ("Courts have not hesitated to dismiss cases in which a non-diverse subsidiary has been found an indispensable party, especially when plaintiffs have an alternative forum in state courts."). Accordingly, the Court concludes that this matter should not proceed without Apex.

However, since Johnson and Apex are both citizens of Michigan, and Apex's joinder would result in a lack of complete diversity of citizenship among the parties, the action must be dismissed for want of subject-matter jurisdiction under 28 U.S.C. § 1332. *See Onyx Waste Servs.*, 203 F. Supp. 2d at 789 (dismissing case without prejudice for lack of diversity jurisdiction after finding that non-diverse subsidiary was a necessary and indispensable party under the former version of Rule 19); *see also Whipp v. Apt. Inv. & Mgmt. Co.*, No. 05-73491, 2006 U.S. Dist. LEXIS 28889, at *21-22 (E.D. Mich. May 1, 2006) (same); *Montgomery v. Computer Scis. Corp.*, No. 97-76014, 1998 U.S. Dist. LEXIS 7093, at *6-7 (E.D. Mich. Apr. 15, 1998) (same).

### III.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Rite Aid's motion to dismiss the complaint **[36]** be **GRANTED**, and that this action be dismissed **WITHOUT PREJUDICE**.

Dated: May 4, 2016                                              s/David R. Grand
Ann Arbor, Michigan                                             DAVID R. GRAND
                                                                United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific

8

objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

                                           s/Eddrey O. Butts
                                           EDDREY O. BUTTS
                                           Case Manager

Dated: May 4, 2016