UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA JOHNSON,

    Plaintiff,

v.

RITE AID CORPORATION,

    Defendant.

Case No. 15-cv-13004
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

**ORDER OVERRULING OBJECTIONS [32, 33], ADOPTING REPORT AND RECOMMENDATION [41], AND GRANTING MOTION TO DISMISS [36]**

Plaintiff Debra Johnson filed this *pro se* personal injury lawsuit after receiving the wrong medication from her local Rite Aid pharmacy ("Licensed Pharmacy Store #04504"). (Dkt, 1, Compl.) The case was referred to Magistrate Judge David R. Grand for all pretrial matters. This referral was authorized by federal statute. *See* 28 U.S.C. § 636(b)(1). Accordingly, Johnson's objections to Magistrate Judge Grand's orders granting her motion to amend the complaint (Dkt. 29) and denying her motion for judicial notice (Dkt. 30), which are both objections to the order of reference, are overruled.

Now before the Court is Magistrate Judge Grand's Report and Recommendation to grant Defendant's Motion to Dismiss. At the conclusion of his Report and Recommendation, Magistrate Judge Grand notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (Report & Recommendation at 8–9.) Johnson's objections were due on May 18, 2016, but she did not file them until May 19, 2016. (Dkt. 42).

A failure to properly object is usually a procedural default, waiving review of the magistrate judge's findings by this Court. *See Thomas*, 474 U.S. at 149 (explaining that Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level"); *Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). Nonetheless, the Court will consider Johnson's late-filed objections. Neither persuade.

Johnson first "strongly objects to the entry to the entire Report and Recommendation . . . specifically on basis of all the compelling reasons disclosed within Plaintiff's filed documents in connections with this Complaint (as amended)." (Dkt. 42, Obj. at 2.) However, "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Johnson next argues that "the Court have acted on an inappropriate motions to dismiss prejudicially without awaiting for the timely-filed response, when controversies is still remaining unresolved in this Case[.]" (Obj. at 2.) But the docket reflects that Johnson filed her response to the motion to dismiss on January 22, 2016 (Dkt. 38), more than three months before Magistrate Judge Grand entered his Report and Recommendation.

Accordingly, the Court ADOPTS the Report and Recommendation.[1] It follows that Johnson's objections (Dkt. 42) are OVERRULED, Defendant's Motion to Dismiss (Dkt. 36) is GRANTED, and this case is DISMISSED without prejudice.

---

[1] In particular, the Court agrees with the Magistrate Judge's decision to "*sua sponte* address whether Apex is a required party to this action and whether its joinder is feasible under Fed. R. Civ. P. 19." (Report at 5.) In fact, the Court construes Rite Aid's motion as a motion

SO ORDERED.

                              s/Laurie J. Michelson
                              LAURIE J. MICHELSON
                              UNITED STATES DISTRICT JUDGE

Dated: May 31, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 31, 2016.

                              s/Jane Johnson
                              Case Manager to
                              Honorable Laurie J. Michelson

---

under Federal Rule of Civil Procedure 12(b)(7), which provides that a defendant may bring a motion to dismiss based on the plaintiff's "failure to join a party under Rule 19." Such a motion, by its nature, requires an analysis under Federal Rule of Civil Procedure 19. *Onyx Waste Servs., Inc. v. Mogan*, 203 F.Supp.2d 777 (E.D. Mich. 2002).